USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL POINSETT,

    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION**

**1:16-cv-08247-KHP**

Pro se Plaintiff Michael Poinsett ("Plaintiff") brings this action against the Commissioner of the Social Security Administration (the "Commissioner"), pursuant to Section 205(g) and/or Section 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and/or 1383(c)(3), seeking review of the final decision of the Commissioner granting his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") dating back to a disability onset date to which he and his representative stipulated at an administrative hearing.

Before the Court is the Commissioner's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that the Commissioner's fully favorable decision is not reviewable by this Court. (Doc. No. 18.) Plaintiff did not respond to the Commissioner's motion but appeared telephonically during oral argument held on this motion. (Doc. No. 22.) For the reasons set forth below, the Commissioner's motion is GRANTED.

**BACKGROUND**

Plaintiff applied for DIB and SSI on July 24, 2013 claiming that he was unable to work due to juvenile macular degeneration and Stargardt's disease with an onset date of April 2, 2011. (Administrative Record ("R.") at 17, 55, 136-43.) On November 25, 2013, the Social Security Administration ("SSA") denied the claims on the grounds that Plaintiff was not disabled

or blind under the SSA's rules. (R. at 56-63.) Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on June 3, 2015 before ALJ Kimberly L. Schiro. (R. at 19-30, 64-65.)

Plaintiff appeared at the hearing with his representative from Bronx Legal Services, Mr. Lincoln Saunders.[1] (R. at 19-30, 82.) During the hearing, Mr. Saunders argued that Plaintiff met the Social Security listing for loss of visual acuity because Plaintiff had visual acuity of 20/200. (R. at 23; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 2.02 (the "Listing") ("2.02 Loss of central visual acuity. Remaining vision in the better eye after best correction is 20/200 or less.").) In response, the ALJ stated that she agreed "that that's the current state of affairs," but that the Plaintiff's medical record did not support a disability dating back to Plaintiff's alleged onset date of April 2, 2011. (R. at 23.) The ALJ noted that Plaintiff's medical records demonstrated that Plaintiff's visual acuity fluctuated under the Listing level until 2014, the first point in time when Plaintiff's visual acuity diminished to 20/200. (R. at 23-24.) Given that the record did not support a Listing level impairment until 2014 but Plaintiff alleged an onset date of 2011, the ALJ presented Plaintiff with three options. (R. at 23-25, 27.) The ALJ stated that if Plaintiff did not meet a listing, she could obtain vocational expert testimony, which would likely result in a finding that Plaintiff could perform jobs during part of the relevant alleged disability period. (R. at 23.) She also stated that she could obtain the opinion of an ophthalmologist medical expert to determine the correct onset date of Plaintiff's disability, (R. at 25, 27), or that

---

[1] The ALJ's decision and the Administrative Record refer to Mr. Saunders as Plaintiff's counsel, but the ALJ's decision also notes that Mr. Saunders was a non-attorney representative. (R. at 15, 19-30.)

2

Mr. Saunders could speak with Plaintiff to determine if he was willing to amend the onset date to a date supported by the record, (R. at 24).

After speaking with his client, Mr. Saunders stated that Plaintiff agreed to amend the onset date to October 2014, the earliest point at which Plaintiff's vision deteriorated to the Listing level. (R. at 27-28.) In response, the ALJ asked Plaintiff directly whether he was making this decision freely and voluntarily and whether he understood the consequences of his choice to move up his onset date by three and a half years, thereby forfeiting benefits for that period of time. (R. at 28.) In response, Plaintiff stated his decision was made freely and voluntarily and that he agreed with the 2014 onset date. (R. at 29.)

On June 19, 2015, the ALJ issued a fully favorable decision finding that Plaintiff had been disabled since the amended onset date of October 1, 2014 through the date of the decision. (R. at 12-18.) Although the onset date was less than twelve months prior to the ALJ's decision, the ALJ determined that the severity of Plaintiff's impairment was expected to last for a continuous period of at least twelve months. (R. at 18.) *See* C.F.R, §§ 404.1505, 416.905 (defining disability as an "inability to engage in any substantial gainful activity . . . which has lasted or can be expected to last for a continuous period of not less than 12 months").

At step one of the ALJ's opinion, she determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2014. (R. at 17.) At step two, she determined that Plaintiff had the severe impairments of juvenile macular degeneration and Stargardt's disease. (R. at 17.) At step three, the ALJ found that the severity of Plaintiff's impairments met the criteria of Listing 2.02, loss of central visual acuity, because Plaintiff's remaining vision in the better eye after best correction was 20/200 or less. (R. at 17.) *See* 20 C.F.R. Part 404, Subpart P,

Appendix 1, § 2.02. The ALJ based the finding that Plaintiff met the Listing as of October 1, 2014 on records from Plaintiff's treating ophthalmologist, Dr. Haft, which documented that Plaintiff had poor central acuity, that Plaintiff's best corrected vision in both his right and left eyes was 20/400, and that Plaintiff's condition was likely to remain fairly stable. (R at 17-18.) Accordingly, the ALJ found that Plaintiff was disabled as of October 1, 2014 through the date of her decision. (R. at 18.)

On August 19, 2015, Plaintiff requested that the Appeals Council review the ALJ's decision because he disagreed with the amended onset date and thought that he should be awarded benefits since his filing date of July 24, 2013. (R. at 9.) The Appeals Council denied Plaintiff's request for review on May 25, 2016. (R. at 1-4.) The Appeals Council granted Plaintiff an extension of time in which to file a civil action. (R. at 8.) On October 19, 2016, Plaintiff filed the instant civil action. (Doc. No. 2.)

The Court has reviewed the Administrative Record containing Plaintiff's vision medical records, which span a period of January 2010 to May 2015. The record demonstrates that Plaintiff's visual acuity fluctuated below Listing level from January 2010 to October 27 2014, with the exception of one instance. (R. at 178, 182, 188, 235, 244, 276, 282, 286.) On August 22, 2013, an ophthalmologist, Dr. Zimmerman, examined Plaintiff and reported visual acuity of 10/150 and 20/150, below Listing level. (R. at 282.) Dr. Zimmerman also filled out a form entitled Report of Legal Blindness/Request for Information, also dated August 22, 2013. (R. at 284.) On the form, the Dr. indicated "yes" to "[b]lindness, better eye, with best correction not more than 20/200," which meets the Listing level, even though that same day she indicated in her exam report that Plaintiff's visual acuity was better than 20/200. (R. at 282, 284.)

4

Thereafter, the record shows that Plaintiff's visual acuity remained below Listing level until October 27, 2017, when Plaintiff's treating ophthalmologist, Dr. Haft, reported that Plaintiff's best corrected visual acuities were 20/400 in each eye, meeting the Listing level. (R. at 301.)

**DISCUSSION**

The Commissioner argues that the Court lacks jurisdiction to review the ALJ's decision because it was fully favorable to Plaintiff. It further argues that even if the Court decides to review the Commissioner's decision, the Commissioner's decision should be affirmed because Plaintiff knowingly and voluntarily consented to the amended onset date without being coerced or deceived, and the amended onset date is supported by substantial evidence. Plaintiff does not contest the fact that he stipulated to a later onset date than he originally alleged in his DIB and SSI application, but rather argues that his attorney told him he had the right to appeal and that there are medical records supporting an earlier onset date.

### I. *Legal Standards*

"Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015) (quotations omitted). Under Federal Rule 12(b)(1), a defendant may move, in lieu of an answer, for dismissal of a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 116 (2d Cir. 2004). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court

5

lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In reviewing the complaint, the Court is mindful that, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006).

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision" by initiating a civil action in federal district court. The Second Circuit has held that "judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75 (2d Cir. 2009) (summary order) (quoting *Jones v. Califano*, 576 F.2d 12, 19 (2d Cir. 1978)). Courts have found the Commissioner's decision to be fully favorable when the Commissioner determines that a plaintiff is disabled and awards all of the benefits to which the plaintiff is entitled. *See Louis v. Comm'r of Soc. Sec.*, 349 F. App'x 576, 577-78 (2d Cir. 2009). Courts in this Circuit have repeatedly found the Commissioner's decision to be fully favorable, and thus not subject to judicial review, when plaintiff, "through his representative, [] knowingly stipulated to the amended disability onset date, and was not coerced or deceived into making the stipulation." *Daniels v. Comm'r of Soc. Sec.*, 456 F. App'x 40, 41 (2d Cir. 2012); *see also, e.g., Cairo v. Comm'r of Soc. Sec.*, No. 15-cv-5171 (DLI), 2017 WL

1047329, at *1 (E.D.N.Y. Mar. 16, 2017); *Stewart v. Astrue*, No. 10-cv-3922 (SJF), 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012); *Bruno v. Astrue*, No. 09-cv-4690 (JSR) (DF), 2010 WL 5653398, at *4-6 (S.D.N.Y. Sept. 16, 2010), *adopted by* 2011 WL 308372 (S.D.N.Y. Jan. 28, 2011); *Daniels v. Comm'r of Soc. Sec.*, No. 07-cv-4277 (ENV), Doc. No. 17, at 3, 6-8 (S.D.N.Y. Oct. 12, 2010) (all dismissing complaints for lack of subject matter jurisdiction on the basis that the decisions were fully favorable because the ALJ awarded benefits as of a stipulated amended onset date, where plaintiff, through his or her representative, knowingly and voluntarily stipulated to amend the onset date and was not coerced or deceived into doing so).

## II. *Application Of Legal Standards*

Here, although Plaintiff originally alleged a disability onset date of April 2, 2011, Plaintiff and his representative agreed to amend the onset date to October 1, 2014. Subsequently, the ALJ issued a decision finding that Plaintiff "has been disabled . . . since October 1, 2014." (R. at 18.) Thus the ALJ's decision was fully favorable to Plaintiff, as it adopted the amended disability onset date agreed upon by Plaintiff and his representative. Accordingly, the Court lacks jurisdiction to review the ALJ's fully favorable decision. *See Heller*, 328 F. App'x at 75; *Figueroa v. Comm'r of Soc. Sec.*, No. 12-cv-07129 (LGS), 2013 WL 3481317, at *3 (S.D.N.Y. July 11, 2013).

Plaintiff argues that he disagrees with the onset date to which he stipulated and that he is entitled to benefits since his filing date of July 24, 2013. The Court liberally construes Plaintiff's argument as contending that the Commissioner's decision was not fully favorable. However, the record is clear that Plaintiff himself, along with his representative, Mr. Saunders, stipulated to the amended October 1, 2014 onset date at the administrative hearing. And for avoidance of doubt, there can be no question that this amendment was wholly within Mr.

Saunders' authority as Plaintiff's representative. Mr. Saunders was properly before the ALJ at the hearing whether he was an attorney, or a non-attorney representative. *See* 42 U.S.C. § 406(a); 20 C.F.R. § 416.1505(b) (permitting appointment of a "non-attorney" as representative provided that the representative meets basic standards of competence). Mr. Saunders worked at a *bona fide* legal services organization, and a review of the record below provides no reason to doubt that he was properly qualified.

Absent a showing of coercion or deception, Plaintiff is bound by his agreement and the agreement of his representative to amend the disability onset date. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (citing 20 C.F.R. § 416.1510(a)(3)(4)); *Klos v. Astrue*, No. 09-cv-3039 (ARR), 2010 WL 3463174, at *11 (E.D.N.Y. Aug. 30, 2010). There is no evidence that Plaintiff was coerced or deceived. On the contrary, the record suggests that both Mr. Saunders and the ALJ took measures to ensure that Plaintiff understood the nature of the agreement. The record reflects that Mr. Saunders and Plaintiff left the hearing room in order to discuss agreeing to an amended onset date. (R. at 27-28.) Thereafter, the ALJ confirmed with Plaintiff that he agreed to amend the onset date and that he understood the implications of the agreement. (R. at 28-29.)

As the ALJ ultimately determined that Plaintiff had "been disabled . . . since October 1, 2014," the agreed upon onset date, (R. at 18), the Commissioner's decision was fully favorable. Furthermore, as discussed above, Plaintiff's medical records are consistent with the later disability onset date of October 2014. (R. at 301.) Consequently, the record presents no basis from which this Court can find that it has jurisdiction to review Plaintiff's claim. The Complaint must therefore be dismissed. *See, e.g., Bruno*, 2010 WL 5653398, at *6 (dismissing plaintiff's

complaint regarding the disability onset date where the ALJ found plaintiff disabled since the amended onset date).

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED. The Clerk is respectfully directed to enter judgment and to close this case.

Dated: September 22, 2017
New York, New York

*Katharine H Parker*

KATHARINE H. PARKER
United States Magistrate Judge